# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: ) | **JUDGE RICHARD L. SPEER** |
| Richard/Lisa Gonzales ) | |
| ) | Case No. 06-3130 |
| Debtor(s) ) | |
| ) | (Related Case: 05-75230) |
| Farmers & Merchants Bank ) | |
| Plaintiff(s) ) | |
| v. ) | |
| Richard Gonzales, et al. ) | |
| Defendant(s) ) | |

### DECISION AND ORDER

This cause comes before the Court after a Trial on the Plaintiff's Complaint to Determine Dischargeability. At the conclusion of the Trial, the Court deferred ruling on the matter so as to afford the opportunity to thoroughly review the evidence in this case, together with the respective arguments made by the Parties. The Court has now had this opportunity, and finds, for the reasons set forth herein, that the Plaintiff has failed to sustain its evidentiary burden, and thus its Complaint will be Dismissed.

### BACKGROUND

The Plaintiff's complaint to determine dischargeability is brought pursuant 11 U.S.C. § 523(a)(6) which excepts from discharge those debts which arise as the result of the "willful" and "malicious" acts of the debtor. On the applicability of this exception to discharge, the dispute between the Parties centered entirely on this single factual issue: whether the Defendant, Lisa

**Farmers & Merchants Bank v. Richard Gonzales, et al.**
Case No. 06-3130

Gonzales, forged a check honored by the Plaintiff, the Farmers and Merchants State Bank?[1] If she did, the debt created by the forgery is nondischargeable; if the Debtor did not forge the check, then no debt even exists to hold nondischargeable. Briefly, the circumstances giving rise to this issue are as follows:

By way of a land installment contract, the Defendant/Debtor, Lisa Gonzales (hereinafter the "Defendant"), transferred the interest she maintained in a parcel of real property. In 2004, the vendee, Wendy Gallant (hereinafter "Ms. Gallant"), failed to make a number of monthly payments as required under the terms of the land contract. Following the default, the Defendant sent Ms. Gallant a letter demanding that a payment of $2,800.00 be made immediately to bring the account current. (Pl. Ex. No. 3).

After failing to comply with the demand letter, the Defendant took measures to take repossession of her property. (Pl. Ex. No. 4). The evidence in this regard shows that Ms. Gallant was accommodative in this process, quickly moving out of the premises and voluntarily surrendering her legal interest in the property. (Pl. Ex. Nos. 5 and 6). Although the exact time interval is unclear, the Defendant reentered the property not long after Ms. Gallant physically vacated the premises. During the process of physically surrendering the property, Ms. Gallant testified that she left behind a number of personal items, including blank checks for an account that had been closed for a number of years.

In June of 2004, the Defendant presented to the Plaintiff, Farmers and Merchant Bank, a check drawn on this closed account. This check, dated May 16, 2004, was made out to the Plaintiff for the amount of $2,932.69. Although the check was later dishonored by the drawee-bank, the Plaintiff allowed the Defendant immediate access to the funds drawn on the check, with the

---

[1] Although initially made a party to this action, the Parties agreed that the Codebtor/Defendant, Richard Gonzales, had no liability on the Plaintiff's claim.

Page 2

**Farmers & Merchants Bank v. Richard Gonzales, et al.**
Case No. 06-3130

Defendant then utilizing the funds for her personal use. However, with the exception of a payment of $20.00, the Defendant has not reimbursed the Plaintiff for its loss.

After receiving notice that a check drawn on her account had been dishonored, Ms. Gallant turned the matter over to the police, claiming that the check had been forged by the Defendant. During the police investigation that ensued, both Ms. Gallant and the Defendant submitted numerous handwriting exemplars for comparison against the check presented to the Plaintiff. (Pl. Ex. Nos. 24-36). The examination of the handwriting samples was conducted by the OBCII, – the Ohio Bureau of Criminal Identification and Investigation – but it ultimately proved inconclusive as the original check was not available, and the copy thereof was not of sufficient quality to make an accurate comparison. (Pl. Ex. 11).

On October 14, 2005, the Defendant filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. In the petition, the Defendant set forth a debt owing to the Plaintiff in the amount of $2,912.69. During the pendency of the bankruptcy, the Plaintiff commenced a complaint in state court against the Defendant to recover for its loss on the check, but later voluntarily dismissed its action. (Pl. Ex. 8).

## DISCUSSION

Before this Court is the Plaintiff's complaint to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(6). Proceedings brought to determine the dischargeability of particular debts, such as that brought by the Plaintiff under this provision, are deemed core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I). Accordingly, this Court has the jurisdictional authority to enter final orders and judgments in this matter. *Id.*; 28 U.S.C. § 1334.

Resolution of the issue raised in this matter, whether the Defendant forged a check on Ms. Gallant's account, is purely evidentiary, with both the Defendant and Ms. Gallant vehemently

Page 3

**Farmers & Merchants Bank v. Richard Gonzales, et al.**
**Case No. 06-3130**

denying ever writing such a check. In a proceeding brought to determine the dischargeability of a debt under § 523(a)(6), the moving party bears the burden to establish its entitlement to a finding of nondischargeability by a preponderance of the evidence. *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 270 (5th Cir. 2005). Ergo, in this matter, the Plaintiff bears the burden to establish that the check it negotiated for the Defendant was a forgery and that the forgery was executed by the Defendant.

In support of its evidentiary burden, the Plaintiff's case-in-chief relied not only on direct evidence, i.e., the check itself, but on the cumulative weight of these points: Acknowledgment, with the Defendant's listing the debt created by the forgery on her petition, opportunity, with the Defendant having had access to Ms. Gallant's checkbook, and commonality as between the $2,800.00 demanded by the Defendant in her letter to Ms. Gallant with the amount ultimately set forth on Ms. Gallant's check, $2,932.69. Finally, the Plaintiff sought to bind these points together with the existence of strong motive on the part of the Defendant to commit forgery. Specifically, the motive to resort to self-help measures to recover for those pecuniary losses that arose as the result of Ms. Gallant having breached her obligation under the land contract.

Of these points, all but the first, acknowledgment, raise a strong inference of fraud. The reasoning for this: the law requires that a debtor disclose in their petition all potential claims, even if they are contingent, disputed or unliquidated. 11 U.S.C. § 521(a)(1); FED.R.BANK.P.1007(b). The Defendant, thus, would have been remiss in not disclosing her potential liability to the Plaintiff for fraud. In this regard, the Debtor, being the subject of a criminal investigation, had to be fully cognizant that the Plaintiff was likely to assert a potential claim against her, a fact born out by the Plaintiff's subsequent commencement of a civil suit. The Court will thus not penalize the Debtor for simply complying with her legal duty.

This same lack of persuasive value, however, cannot be said of those other points made by the Plaintiff. What particularly stands out: the $2,932.69 amount listed on Ms. Gallant's check, being highly precise, is very indicative of the payment of a specific obligation, and, as the Plaintiff points

Page 4

out, this figure is uncomfortably close to the $2,800.00 demand made on Ms. Gallant by the Defendant. While this point is purely circumstantial, and hence does not exclude from consideration Ms. Gallant as the check's scrivener, its existence carries strong probative value when weighed in conjunction with the Plaintiff's other two points: opportunity and motive. As an evidentiary matter, therefore, it must be concluded that a *prima facie* case for forgery arises, thereby shifting the burden to the Defendant to put forth a viable defense thereto. *See, e.g., Sears Roebuck & Co., v. Miller (In re Miller)*, 70 B.R. 55, 56 (Bankr. S.D.Ohio 1987) (where plaintiff makes out a prima facie case of under § 523(a)(6), the burden then shifts to defendant to go forward with credible evidence presenting a defense to liability).

On her burden, the Defendant, in her Trial testimony, offered a simple explanation: Ms. Gallant, not herself, wrote the check, thus no forgery actually exists on her part. To this end, it was the Defendant's trial testimony that, upon reentry to her property, she found the $2,932.69 check already filled out, and that she cashed the check with the Plaintiff on the assumption that Ms. Gallant had written the check to cover her damages. Ms. Gallant, however, denies writing the check to the Defendant, with the Plaintiff, in seeking to corroborate her testimony, pointing out: why would Ms. Gallant write a check on an account she knew had been closed for a number of years? This divergent account of events also mirror those that took place in the state criminal investigation. (Ex. Nos. 18 & 21).

To support their divergent account of events in the criminal investigation, both the Defendant and Ms. Gallant voluntarily agreed to have their handwriting compared against the $2,932.69 check, with multiple handwriting exemplars submitted to the police for comparison. The comparison of these exemplars, however, ultimately proved inconclusive, with the report completed by the OBCII making this finding: "Prior to offering an opinion the original check or a better copy (no faxes) will be required for comparison purposes." (Pl. Ex. No. 11). As a result of this report, the police officer handling the matter testified that the criminal investigation was halted because the original check was not ultimately made available for comparison.

Page 5

**Farmers & Merchants Bank v. Richard Gonzales, et al.**
Case No. 06-3130

In this matter, the Court has before it the same materials examined by the OBCII: a copy of the $2,932.69 check, and the handwriting exemplars completed by both the Defendant and Ms. Gallant. (Pl. Exs. 1, 24-35). And upon examining these materials, the Court was able to discern what could, perhaps, be termed similarities between the Defendant's handwriting and the forged check. At the same time, no expert testimony was offered to aid the Court in explaining these potential similarities.

Additionally, while expert testimony is not absolutely necessary in analyzing handwriting samples, the Court is still presented with the same problem encountered in the criminal investigation: the copy of the check presented to the Court for comparison is of sub-par quality. Although not fatal to its admissibility,[2] the poor quality of the check makes this Court reluctant to use it for comparison purposes, especially when a state investigative body, the OBCII, charged with making handwriting comparisons was, itself, unable to come to any definitive conclusion.

Just as important, it does not seem, contrary to the Plaintiff's contention, entirely unplausible that Ms. Gallant, not the Plaintiff, wrote the check. For example, Ms. Gallant may have written the check in the hopes of forestalling legal action against her. Additionally, it is observed that Ms. Gallant was very cooperative in restoring the Defendant to possession of her property. Thus, the Court cannot rule out the possibility that Ms. Gallant wrote the check, intending to fulfill her legal and moral obligation to pay the Defendant, but thereafter was unable to carry through with her intention.

While, in the end, these possibilities may or may not be accurate, their existence, together with the lack of credibility that can be afforded to the only direct evidence, the check, makes the

---

[2] For purposes of admissibility, the Federal Rules of Evidence do not absolutely require that the original writing be produced so long as using a copy would not be inequitable and a legitimate reason exists for not producing the original. FED.R. EVID. 1002, 1003 and 1004.

Page 6

Farmers & Merchants Bank v. Richard Gonzales, et al.
Case No. 06-3130

Defendant's account of events plausible, thereby rebutting the Plaintiff's *prima facie* case for forgery. Carried a step further, where the Court, as here, has before it two viable account of events, the law directs that any doubt be resolved in favor of the Defendant. *See, e.g., Colorado Judicial Dep't v. Sweeney (In re Sweeney)*, 341 B.R. 35, 40 (10th Cir. B.A.P. 2006) (exceptions to discharge are to be narrowly construed and doubts resolved in the debtor's favor). This is not to say that the Defendant did not commit the act of forgery. Only that, like in the criminal investigation, the Court simply does not have before it sufficient evidence to make a legally definitive determination.

Accordingly, for the foregoing reasons, the Court cannot find, by a preponderance of the evidence, that the Defendant committed the act of forgery. As such, the Plaintiff's cause of action under § 523(a)(6), although having a strong basis, does not reach the level to give rise to a finding of nondischargeability. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Complaint of the Plaintiff, Farmers & Merchants Bank, to Determine Dischargeability under 11 U.S.C. § 523(a)(6), be, and is hereby, DISMISSED.

Dated: November 28, 2006

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 7

# ***CERTIFICATE OF SERVICE***

Copies were mailed this 28th day of November, 2006, to the following parties:

Farmers & Merchants State Bank
307-11 N Defiance St
Archbold, OH 43502

Patrick D Hendershott
PO Box 525
Toledo, OH 43697

Lisa M & Richard K Gonzales
208 E North St
West Unity, OH 43570

William J Brenner
PO Box 411
112 N Defiance St
Stryker, OH 43557

Office of the U.S. Trustee
U.S. Courthouse
201 Superior Ave, East
#441
Cleveland, OH 44114


/s/ Robert C.W. Birmingham
Deputy Clerk, U.S. Bankruptcy Court